Citation Nr: 1806317 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 16-23 484 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include mood disorder, generalized anxiety disorder, and depressive disorder. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

B. Garcia, Associate Counsel



INTRODUCTION

The Veteran served on active duty from March 1952 to January 1956. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2012 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

In May 2017, the Board reopened the Veteran's claim and remanded it for additional development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required. 


REMAND

The Veteran contends that he is entitled to service connection for an acquired psychiatric disorder. As reflected in statements from the Veteran, such as those dated in May 2011 and June 2011, he contends that his claimed disorder is due to experiencing an "electric shock" during service, after which he experienced a "mental breakdown" and received counseling; being transferred to Selfridge AFB after the electric shock; and experiencing provocation by fellow service members. 

Of note, VA has added various evidence to the Veteran's claims file since the issuance of the May 2016 statement of the case (SOC) that is pertinent to his claim, including multiple sets of VA treatment records and an August 2017 VA medical opinion. As such, the Board must return the Veteran's claim to the AOJ so that it may perform an initial review of evidence received since the May 2016 SOC and readjudicate the Veteran's claim. See 38 C.F.R. § 20.1304(c). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

After reviewing all evidence added to the claims file since the issuance of the May 2016 SOC and performing any development deemed necessary, re-adjudicate the Veteran's claim, with consideration of all evidence added to the claims file since the issuance of the May 2016 SOC. If the benefit sought is not granted in full, furnish the Veteran and his representative an SSOC, and return the case to the Board, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that any claim that is remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112. 




_________________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252, only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).